# EXHIBIT 04

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

|  |  |
|---|---|
| IN RE:<br><br>APPLICATION UNDER 28 U.S.C. SECTION 1782<br>TO TAKE DISCOVERY FROM THE CLEARING<br>HOUSE PAYMENTS COMPANY L.L.C.,<br>THE FEDERAL RESERVE BANK OF NEW YORK,<br>BARCLAYS BANK PLC AND HSBC BANK USA,<br>N.A. | )<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 23-mc-232 |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                              HSBC Bank USA, N.A.

*(Name of person to whom this subpoena is directed)*

☑  *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following

documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the
material:  **See Exhibit A**

| Place:  Kobre & Kim LLP<br>800 3rd Avenue, 6th Floor<br>New York, NY 10022 | Date and Time: |
|---|---|

O  *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance;
Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to
respond to this subpoena and the potential consequences of not doing so.

Date:  _____

|  |  |
|---|---|
| *CLERK OF COURT* | OR |
| _____<br>*Signature of Clerk or Deputy Clerk* | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  **Ecoprivate Business
Ltd. and Mr. Jean Sebastian Ferrer Funke**                              , who issues or requests this subpoena, are:

**E. Martin De Luca of Kobre & Kim, 800 3rd Avenue, 6th Floor, New York, NY 10022
martin.deluca@kobrekim.com, +1 212-488-1269**

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

⃝  I served the subpoena by delivering a copy to the named person as follows: _____

_____    on *(date)* _____ ; or

⃝  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                       _____
                                                       *Server's signature*

                                               _____
                                                       *Printed name and title*

                                               _____
                                                       *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

**I.**    **Definitions**

1.     All words, terms, and phrases not specifically defined in this Exhibit A are to be given their normal and customary meaning in the context in which they are used herein.

2.     "Documents" is synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rule of Civil Procedure, and includes, without limitation, all drafts; communications; correspondence; memoranda; records; reports; books; reports and/or summaries of conversations or interviews; diaries; graphs; charts; diagrams; tables; photographs; recordings; tapes; microfilms; minutes; summaries, reports and records of meetings or conferences; records and reports of consultants; press releases; stenographic, handwritten or other notes; checks, front and back; check vouchers, check stubs or receipts; wire transfer requests, approvals, orders, messages and confirmations, including but not limited to automated clearing house ("ACH") transactions; payment messages; tape data sheets or data processing cards or discs or any other written, printed, typewritten or otherwise recorded matter, however produced, reproduced, whether or not now in existence; any paper or writing including files, contracts, correspondence, telegrams, agreements, letters, notes, manuals, forms, brochures, drawings, and other data or data compilation of any sort, stored in any medium from which information can be obtained either directly or, if necessary, after translation by You into a reasonably usable form; and electronically stored information, including without limitation any information that is generated, received, processed and recorded by computers and other electronic devices including without limitation any voicemails or other audio files, any video files and images and any text messages; internal or external web sites; output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs, outlines, electronic mail, instant messages, and all miscellaneous media on which they reside and

regardless whether said electronic data exists in an active file, an archive file, a deleted file, or file fragment; and activity listings of electronic mail receipts and/or transmittals; and any and all items stored on computer memories, flash drives, hard disks, floppy disks, CD-ROM, ZIP drives, magnetic tape, microfiche, or on any other media for digital data storage or transmittal such as but not limited to any mobile device, or personal digital assistant. A draft or non-identical copy of any document, whether due to the addition of marginalia or other change, is a separate document within the meaning of this term. Where the electronic and hard copy versions of any document are separate documents per this definition, both the electronic and hard copy versions should be produced.

    3.    "Entity and/or Individual," or "Entities and/or Individuals" refer to each of the following entities or individuals and extends to any entities or individuals bearing a name of similar variation, as well as to any instance in which the Entities or Individuals are reflected as having any relation to the matters set forth in the "Documents To Be Produced":

    a.  Ashleigh Shivdasani

    b.  Azad Shivdasani

    c.  Bluebay Resorts (BVI) Limited ("Bluebay Resorts (BVI) Limited," "Bluebay Resorts," "Bluebay Resorts BVI," "Bluebay Resorts (BVI)," "Bluebay Resorts Limited," "Bluebay")

    d.  Bruce Bromley

    e.  Eva Malmström Shivdasani ("Eva Malmström Shivdasani," "Eva Malmström," "Eva Malmstrom," "Eva Shivdasani")

    f.  The Golden Lion Trust ("The Golden Lion Trust," "Golden Lion Trust")

    g.  Indoo Sella de Monteluce ("Indoo Sella de Monteluce," "Indoo Monteluce")

    h.  Inlaks Shivdasani Foundation ("Inlaks Shivdasani Foundation," "Shivdasani Foundation")

    i.  Leela Venkata Rajesh Bethanabhotla ("Rajesh BLV," "Rajesh Bethanabhotla")

    j.  Six Senses Spa ("Six Senses Spa," "Six Senses")

    k.  SKR Residence Land Ltd. ("SKR Residence Land Ltd.," "SKR Resident Land")

    l.  Sonashah Shivdasani ("Sonashah Shivdasani," "Sonu Shivdasani")

    m.  Soneva Holdings PTE LTD

    n.  Soneva Holdings (BVI) Ltd.

    o.  Soneva Kiri Resort Co., Ltd. ("Soneva Kiri Resort Co., Ltd.," "Soneva Kiri Resort," "Soneva Kiri," "Soneva Kiri Ltd," "Soneva Kiri Resort Ltd")

    p.  Texavia Trust

4.    Tropical Island Limited ("Tropical Island Limited," "Tropical Island," "Tropical Island Ltd") "Including" has its standard meaning and also means "including, but not limited to" and "including, without limitation."

5.    "You" and "Your" refers to HSBC Bank USA, N.A. ("HSBC") and any of its subsidiaries, affiliates, predecessors, successors, assignees, officers, directors, employees, representatives, and partners or anyone acting for or on its behalf.

## II.   <u>Instructions</u>

1.  This subpoena is to be regarded as continuing in nature, so that further and more complete and supplemental responses must be provided if you obtain further, more complete, or new information or documents prior to the final disposition of this matter.

2.  All documents produced pursuant to this subpoena must be produced as they are kept in the usual course.

3.  If a document is redacted or not produced on the ground that it is privileged and therefore not subject to disclosure, the following information must be supplied for each document:

      a.  the nature of the privilege being claimed;

      b.  the type of document;

      c.  general subject matter of the document;

      d.  the date of the document; and

      e.  other such information as is sufficient to identify the document including where appropriate, the author(s) of the document, the addressee(s) of the document, the identity of any person who had an opportunity to review such document and, where not apparent, the relationship of the author and the addressee to each other.

4.  If any portion of any document is responsive to any document request of this subpoena, the entire document must be produced.

5.  All documents are to be produced in the form and in the same order within each file in which they existed prior to production, and the file folders, boxes, or other containers or bindings in which such documents are found are to be produced intact, including the title, labels, or other descriptions of each such folder, box, or other binding container.

6.  All documents which cannot be legibly copied must be produced in their original forms.

7.  All electronically stored information responsive to this subpoena that are maintained in the usual course in electronic format shall be produced in their native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such documents, and the necessary load files.  If such metadata is not available, each document shall be accompanied by a listing of all file

properties concerning such document, including, but not limited to, all information concerning the date(s) the document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the document.

8.  This subpoena calls for the production of documents from July 2016 to the present.

III.  **Documents to be Produced**

**YOU ARE HEREBY COMMANDED** to produce at said time and place all Documents and Communications, as defined above, relating to the following subjects:

1.  All documents relating to any payment, transaction, transfer, conveyance, wire, payment message, payment order, debit, or credit, into, out of, or through any HSBC account held by any of the Individuals or Entities, including transfers for which HSBC acted as a correspondent bank.

2.  All (i) account statements; and (ii) records of credits, deposits, checks, withdrawals, and transfers for any accounts held by any of the Individuals or Entities.

3.  All documents relating to ultimate beneficial ownership ("UBO"), account opening information, account closing information, power of attorney, know-your-client ("KYC"), and due diligence for any accounts held by any of the Individuals or Entities.

4.  All Documents and Communications concerning any loan, overdraft, note, mortgage, debt, liability, guaranty, charge, or other instruments of indebtedness extended to any of the Individuals or Entities, including application documents and statements.

5.  All Documents and Communications concerning (i) any brokerage account, securities, or other property in which any of the Individuals or Entities has or had any interest; and (ii) any debt owed to any of the Individuals or Entities, by any person or entity.

## <u>TO THE RECORDS CUSTODIAN</u>

Copies of documents responsive to this Subpoena MUST be received in this office no later than the date indicated in the Subpoena or you may be in contempt of Court.  If there is a delay for any reason, please e-mail martin.deluca@kobrekim.com.

**<u>IF THE ESTIMATED CHARGE FOR COPYING THE RECORDS EXCEEDS</u>**
**<u>$500.00,</u>**
**<u>PLEASE CONTACT THIS OFFICE BEFORE PREPARING THE COPIES.</u>**

Thank you for your assistance in this matter.